## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MARC AMOURI BAKAMBIA,                    No. 0:20-cv-01434-NEB -KMM

        Plaintiff,

v.                                       **ORDER**

PAUL SCHNELL, *Commissioner of DOC*;
GUY BOSCH, *Warden*; VICTOR
WANCHENA, *Asso. Warden*l LOUIS
SHICKER, MD; Dr. DARRYL ROBERT
QUIRAM; BRENT PLACKNER, PA;
TAMMY LISOWY; and MCF-
STILLWATER;

        Defendant.

---

This matter is before the Court regarding Plaintiff Marc Amouri Bakambia's motion to compel discovery responses from the DOC Defendants.[1] ECF No. 83. In his motion, Mr. Bakambia asks the Court to Order the defendants "to comply with the rules 26 and 34 of the Federal Rules of Civil Procedure and produce all requested tangible things and information, and allow Plaintiff the disclosure and inspection of all of his requests." *Id.* In his meet-and-confer statement, Mr. Bakambia specifies that the discovery he is seeking has to do with a guard at the MCF-Stillwater prison who allegedly deliberately exposed him to the coronavirus that causes COVID-19. ECF No. 84 at 1. Mr. Bakambia states that he conferred with opposing counsel by sending them two requests for documents on October 25, 2020 and November 1, 2020. *Id.* These discovery requests include: (1) "Immediate COVID Relief/Initial Discovery," ECF No. 73; and (2) "Request for Production of Documents," ECF No. 85.

---

[1]      The DOC Defendants include Paul Schnell, Guy Bosch, Victor Wanchena, and Tammy Lisowy.

For two reasons, Mr. Bakambia's motion to compel is **DENIED**. First, the discovery requests are either not relevant to the litigation or are not proportionate to the needs of the case. In his Complaint, Mr. Bakambia alleges that the Defendants were deliberately indifferent to his serious medical needs in the aftermath of an assault by another inmate in May 2019. Compl. at 3,[2] ¶ 5 ("Cause of Action"), ECF No. 1. Mr. Bakambia alleges that the attack occurred while he was an inmate at MCF-Rush City and led to diagnoses of traumatic brain injury and post-traumatic stress disorder, and an X-ray showed fractured ribs. *Id.* at 8, ¶¶ 16–18. He asserts that the Defendants failed to properly treat his resulting medical conditions in a variety of ways. *Id.* at 8–14. In addition, Mr. Bakambia appears to allege an access-to-courts claim. *Id.* at 14–16. This claim appears to be based on delays the Defendants caused in arranging a visit with a lawyer with whom Mr. Bakambia sought to consult. *Id.*

The discovery requests Mr. Bakambia served on October 25, 2020, concerning Mr. Bakambia's allegedly deliberate exposure to the coronavirus, are not related to the claims or any defense. Fed. R. Civ. P. 26(b)(1) (providing that a party may obtain discovery regarding any non-privileged matter that is relevant to the party's claim or defense). Mr. Bakambia asked for: surveillance footage that might show a staff member he claims deliberately infected him with the coronavirus; information showing if and when the staff member at issue tested positive for COVID-19; and information showing when he first positive test for COVID-19 himself. ECF No. 73. These requests do not relate, in any way, to the claims asserted in his Complaint.

Mr. Bakambia's November 1, 2020 requests for production are either irrelevant or disproportionate to the needs of the case. Mr. Bakambia has asked for three copies of every medical record in the DOC's possession regarding himself from December 5, 2015 through October 31, 2020. ECF No. 85 at 1 ("Request No. 1"). Although some of Mr. Bakambia's medical records that fall within this will certainly be relevant to his deliberate indifference claim, this request is so overbroad that a significant portion of

---

[2]      The Court cites to the page numbers generated by the ECF system for Mr. Bakambia's documents, including the Complaint.

the information requested would not be helpful in any way in resolving the issues in this case.[3] Mr. Bakambia also requests: information about positive and negative COVID tests for other inmates and for staff members at MCF-Stillwater, ECF No. 85 at 1–2 (Request Nos. 2, 3, 4, 5, 6, 7, and 9); and surveillance video showing staff members not wearing masks and log reports for staff during the period he claims he was infected with the coronavirus, *id.* at 2 (Request No. 8, 10). As explained above, these requests have nothing to do with the claims and defenses in this litigation. Requests 11 (documentation of written requests for guidance from the Minnesota Department of Health), and 13 and 14 (for "case law") regarding other inmates, do not seek relevant information. And it is unclear how the information covered by Request 12 ("an original print out of UA test done on 11/15/19") would be relevant to Mr. Bakambia's claims.

Second, although Mr. Bakambia certified that he met and conferred with opposing counsel, the only discussion he references in his meet-and-confer statement is when he sent the requests for production to defense counsel. After he sent the requests, counsel for the Defendants "received no communication from Plaintiff regarding the DOC Defendants' responses until he filed his motion to compel with the Court." Jonassen Decl. ¶ 5, ECF No. 92. Mailing the requests to defense counsel counts as service of the discovery requests; it does not count as an attempt to meet and confer to resolve a disagreement about discovery. The parties are advised that the Court is more lenient with respect to the meet-and-confer requirement in cases involving pro se parties, especially those who are incarcerated. But under these circumstances, Mr. Bakambia's failure to meet and confer, even after he received the Defendants' objections to his requests, prevented him from, perhaps, understanding

---

[3]     Nothing prevents Mr. Bakambia from discussing this request with counsel for the defense and arriving at an agreed upon subset of information that is relevant to the litigation, or if an agreement cannot be reached, renewing his motion to compel with respect to a narrower scope of such discovery.

the basis for the Defendants' position. Had he attempted to meet and confer, it is possible he would not have filed the motion to compel.

Ultimately, the discovery requests served on October 25th and November 1st overwhelmingly concern matters unrelated to the claims and defenses in this case and Mr. Bakambia's motion does not provide any basis for the Court to conclude that the DOC Defendants failed to make production of any discoverable information.

**IT IS SO ORDERED.**

Date: December 21, 2020

_s/Katherine Menendez_
Katherine Menendez
United States Magistrate Judge