# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARC AMOURI BAKAMBIA,<br><br>   Plaintiff,<br><br>v.<br><br>PAUL SCHNELL, *Commissioner of DOC*;<br>GUY BOSCH, *Warden*; VICTOR<br>WANCHENA, *Asso. Warden*l LOUIS<br>SHICKER, MD; Dr. DARRYL ROBERT<br>QUIRAM; BRENT PLACKNER, PA;<br>TAMMY LISOWY; and MCF-<br>STILLWATER;<br><br>   Defendant. | No. 0:20-cv-01434-NEB -KMM<br><br><br><br><br>**ORDER** |

    This matter is before the Court regarding the Centurion Defendants'[1] Joint Motion Regarding Continued Sealing. ECF No. 98. The motion concerns documents filed under temporary seal in connection with the Centurion Defendants' response to Mr. Bakambia's motion for a preliminary injunction. These documents include the Centurion Defendants' memorandum in opposition to Plaintiff's motion (ECF No. 55), and two exhibits containing Mr. Bakambia's medical records and prison grievance forms discussing his medical care (ECF No. 58 (Exhibit A) & ECF No. 59 (Exhibit B)). Each of these documents contain private medical information regarding Mr. Bakambia.

    Mr. Bakambia has previously addressed the sealing of certain documents in a letter dated November 29, 2020. ECF No. 78. Mr. Bakambia argues that it was inappropriate for the Centurion Defendants to file their memorandum under temporary seal because the memorandum made repeated references to his own

---

[1]     The Centurion Defendants include Dr. Louis Shicker, Dr. Darryl Quiram, and Brent Plackner, P.A.

declaration at docket entry 48, which is not sealed. Further, Mr. Bakambia states that it was inappropriate for the Centurion Defendants to file Exhibit B under seal because he has already filed the same document unsealed as an attachment to his complaint. Mr. Bakambia does not appear to have any objection to the temporary sealing of Exhibit A.

Having reviewed the documents at issue, the Centurion Defendants' stated reasons for requesting continued sealing, and Mr. Bakambia's position, and considering the applicable legal standard, the Court finds that the Centurion Defendants' memorandum and Exhibit B should be unsealed.[2] These documents are judicial records because they were filed in connection with a request regarding the exercise of the Court's Article III judicial powers. Mr. Bakambia has affirmatively disavowed his own interest in preserving the confidentiality of the information in these documents. As a result, the Court finds that the interest in confidentiality does not outweigh the public's qualified right of access. However, Mr. Bakambia has not taken the same position with respect to Exhibit A, and the Court will not order that document unsealed at this time.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to unseal the documents at docket entries 55 and 59; and
2. The Clerk of Court is directed to keep the document at docket entry 58 under seal.

Date: April 15, 2021

    *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

---

[2] Given the nature of the information the Centurion Defendants filed under temporary seal, it was prudent for them to attempt to preserve confidentiality even though Mr. Bakambia has now expressed a desire that the information should be made public.