# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MARC AMOURI BAKAMBIA,

          Plaintiff,

v.

PAUL SCHNELL, *Commissioner of DOC*;
GUY BOSCH, *Warden*; VICTOR
WANCHENA, *Asso. Warden*l LOUIS
SHICKER, MD; Dr. DARRYL ROBERT
QUIRAM; BRENT PLACKNER, PA;
TAMMY LISOWY; and MCF-
STILLWATER;

          Defendant.

No. 0:20-cv-01434-NEB -KMM

**ORDER**

      This matter is before the Court regarding the motion to amend the complaint filed by Plaintiff Marc Amouri Bakambia. ECF No. 124. On January 11, 2021, Mr. Bakambia filed an Amended Complaint, Am. Compl., ECF No. 117, but as noted in this Court's January 27th Order, he could not amend his complaint without filing a motion, ECF No. 127. Mr. Bakambia filed the motion to amend and the matter has now been fully briefed. For the reasons that follow, the motion is granted in part and denied in part as stated in this Order.

## BACKGROUND

      In Mr. Bakambia's original Complaint, he named several Minnesota Department of Corrections personnel as Defendants. These original DOC Defendants include Paul Schnell, the DOC Commissioner; Guy Bosch, the MCF-Stillwater Warden; Victor Wanchena, the MCF-Stillwater Associate Warden; and Tammy Lisowy, a DOC Psychologist. Mr. Bakambia's claims against the DOC Defendants originally focused on the adequacy of medical care he received following a May 20, 2019 assault by other inmates while he was incarcerated at MCF-Rush City. He also asserted claims against DOC Personnel regarding interference with his attempts to contact a lawyer. Compl., ECF No. 1.

1

In his proposed Amended Complaint, Mr. Bakambia seeks to add allegations against several additional DOC Defendants, including Michelle Smith, the DOC Deputy Commissioner; James Amsterdam, the DOC Medical Director; Lynn Noll, a DOC Health Services Administrator; Monica Arons, an RN Supervisor; Lori Lewis, a nurse; Sara Hard, a nurse and former Health Services Administrator; Rebecca Erickson, a DOC Case Worker; R. Raven, a DOC Lieutenant; Lee McCoy, a DOC Mail Room Officer; Henry Paddleford, a DOC Officer; and Kathy Reid, a DOC Health Services Administrator. Am. Compl. at 2–16.[1] Many of the allegations in the Amended Complaint are closely related to his original claims regarding the adequacy of medical care he has received and the alleged interference with his attempts to communicate with counsel. These allegations include claims against the original DOC Defendants and the new DOC personnel that Mr. Bakambia wishes to add to this lawsuit. *See id.* ¶¶ 28–95, 110–31.

Mr. Bakambia also seeks add several allegations regarding a COVID-19 infection in late 2020. On October 11, 2020, Mr. Bakambia asserts that Henry Paddleford was infected with COVID-19. In the early afternoon, Mr. Paddleford allegedly was not wearing a mask and "coughed at Plaintiff's cell all the way throughout all the tiers. At this time there were no COVID positive ta A-west where plaintiff resides." Am. Compl. ¶ 96. Mr. Bakambia asserts that he was thus "deliberately exposed to COVID." *Id.* ¶ 97. He tested positive for COVID on October 23, 2020, and on November 6, 2020, Nurse Hard allegedly told him that Health Services was only addressing emergency COVID visits at the time. *Id.* ¶¶ 99–100. In the weeks that followed, Mr. Bakambia asserts that he continued to experience COVID symptoms, but his treatment was delayed. *Id.* ¶¶101–03. Mr. Bakambia complains about the treatment and attention he received from Mr. Plackner, RN Supervisor Arons, Case Worker Erickson. *Id.* ¶¶ 103–08. Mr. Bakambia claims that Officer Paddleford's conduct amounts to cruel and unusual punishment in violation of his Eighth Amendment rights. *Id.* ¶¶ 138–39. It is also possible to construe his Amended Complaint as alleging that several Defendants are liable under the Eighth Amendment because they were deliberately indifferent to his serious medical needs once he was infected with COVID.

---

[1] The Court cites to the page numbers generated by the ECF filing system throughout this Order, rather than the pagination provided in the parties' submissions.

**DISCUSSION**

In support of Mr. Bakambia's motion, he argues that leave to amend should be granted because the DOC Defendants' conduct has violated his constitutional rights. The DOC Defendants do not oppose Mr. Bakambia's request for amendment to the extent he asserts claims against various DOC personnel arising out of the allegations that have been part of this case since the beginning. However, they do oppose Mr. Bakambia's request for amendment that would add claims that he was intentionally infected with COVID-19 by a DOC guard.[2] For the reasons that follow, the Court finds that amendment is appropriate with respect to the additional allegations connected to the claims in the original complaint, but denies his motion to the extent he seeks to add allegations regarding COVID-19.

**I.     Legal Standards**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. Under Rule 15(a)(2), the Court is required to give leave to amend freely when justice so requires. However, there is no absolute right to amend a complaint. *Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Leave to amend may be denied "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (internal quotation marks omitted). Leave to amend may also be denied where the proposed new claims have "nothing to do with the original complaint" and it would be "inefficient and possibly confusing" to add them to the litigation. *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992).

Rule 15 also provides that a court may allow a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "the purpose of Rule 15(d) is to promote, as complete an adjudication as possible, of an existing dispute between the parties, which may have evolved since the action was initiated." *Schneeweis v. Nw. Tech. Coll.*, No. Civ. 97-1742 (JRT/RLE), 1998 WL 420564, at *13 (D. Minn. June 1, 1998). But courts generally will not allow a party to supplement if doing so would "hinder judicial efficiency [or]

---

[2]     The Centurion Defendants have not filed a response to the motion to amend.

prejudice the rights of other parties to the action." *Id.* Supplemental pleadings are "designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.3d 884, 886 (8th Cir. 1977). "[H]owever … there is no absolute right to expand the case" using a supplemental pleading. *Chicago Regional Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011).

## II.     Analysis

The Court grants Mr. Bakambia's motion in part to the extent he seeks to add new defendants and factual allegations regarding his original claims of inadequate medical care in the aftermath of his assault at MCF-Rush City. Similarly, the Court grants the motion to the extent Mr. Bakambia seeks to include new defendants and allegations related to his access-to-courts claim. Neither the original DOC Defendants, nor the Centurion Defendants opposes these proposed amendments. Under these circumstances, the Court finds that justice is served by allowing Mr. Bakambia's amendment in part.

However, the Court denies Mr. Bakambia's motion ot the extent he seeks to add allegations about the deliberate exposure to the virus causing COVID-19. Because Mr. Bakambia originally filed this case in June 2020, and his allegations regarding COVID concern events transpiring in October and November 2020, he technically seeks to supplement his complaint with these new, post-complaint allegations. But regardless of whether these COVID-related allegations are technically a request to supplement or to amend, the Court denies his motion concerning these claims because they would expand the case by adding matters that are not related to the original complaint. Under these circumstances, neither supplementation nor amendment of the complaint would be appropriate. *See Vorachek*, 564 F.3d at 886 (explaining that supplemental pleadings are intended to include new allegations that relate to the original cause); *Brown*, 957 F.2d at 566 (affirming denial of a motion where the proposed amendment would have introduced new defendants and claims that were unrelated to the original complaint).[3] Adding Mr. Bakambia's claims regarding COVID to this litigation would be inefficient because it would necessitate an entirely new round of discovery on topics the parties have not

---

[3]     Although the Court denies Mr. Bakambia leave to litigate his claims relating to an alleged deliberate infection with COVID-19 in this case, he "is not foreclosed from raising these issues in a separate action." *Brown*, 957 F.2d at 566.

previously litigated. It would also require a major modification of the schedule and delay resolution of the issues that have been part of this case since the beginning.

Mr. Bakambia's Amended Complaint is already a part of the record in this case. Though the Court frequently instructs parties represented by attorneys to re-file a proposed amended pleading, the Court will not require Mr. Bakambia to do so here. The Amended Complaint at docket entry 117 will be treated as the operative pleading in this case. The Defendants shall file and serve responsive pleadings to the Amended Complaint within 14 days of the date of this Order. The DOC Defendants' answers may properly reference this Order in responding to any proposed allegations that the Court has deemed to be inappropriate for amendment. Similarly, the Centurion Defendants' answers may properly reference this Order in responding to any proposed allegations that do not pertain to them or that the Court has deemed to be inappropriate for amendment.

## ORDER

Accordingly, **IT IS HEREBY ORDERED THAT** the motion to amend **(ECF No. 124)** is **GRANTED IN PART and DENIED IN PART** as stated herein. Subject to the terms of this Order, including the denial of leave to amend to add claims relating to an alleged deliberate infection with COVID, the Amended Complaint at docket entry 117 is deemed the operative pleading in this case. The Defendants shall file responsive pleadings within 14 days of the date of this Order.

Date: April 26, 2021

                                                  *s/Katherine Menendez*
                                                  Katherine Menendez
                                                  United States Magistrate Judge