# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARC AMOURI BAKAMBIA, | No. 0:20-cv-01434-NEB -KMM |
| Plaintiff, | |
| v. | **ORDER** |
| PAUL SCHNELL, et al., | |
| Defendants. | |

This matter is before the Court regarding three motions to compel discovery filed by Plaintiff Marc Amouri Bakambia. ECF Nos. 146, 160, 176. The Court refers to these motions as Mr. Bakambia's First Motion to Compel (ECF No. 146), Second Motion to Compel (ECF No. 160), and Third Motion to Compel (ECF No. 176). This matter is also before the Court regarding Mr. Bakambia's motion for sanctions (ECF No. 198).

Before addressing Mr. Bakambia's motions, the Court addresses a preliminary concern regarding the sheer scope of the issues raised. These three motions present extensive disputes regarding the Defendants' responses to Mr. Bakambia's document requests, but it appears that the parties could not or did not engage in any meaningful discussion regarding the discovery before the motions were filed.[1] Given the breadth of the issues presented, the Court would, in a typical case, conclude that the meet-and-confer process had not been diligently pursued by the parties and instruct them continue their efforts to resolve as much as they could before any motion was decided. However, the Court is cognizant of the fact that Mr. Bakambia is a pro se party serving a prison sentence in a Minnesota Department of Corrections ("DOC") facility. This makes meeting and conferring more difficult than it ought to be. In the future, prior to filing a motion, if Mr. Bakambia is unable to reach counsel by phone to discuss a discovery issue, he must send defense counsel

---

[1] For his part, Mr. Bakambia indicates that he made several calls to the DOC Defendants' attorney and the attorney representing the Centurion Defendants, but was unable to speak with counsel. Each time he called, the phone rang and he was informed that his call was not "accepted." ECF Nos. 161, 162.

a letter explaining which discovery responses he believes are deficient and attempt to arrange a time to discuss the discovery dispute. And defense counsel are expected to engage in the meet-and-confer process with Mr. Bakambia as they would with a represented party.

In the interest of moving this case along, the Court has reviewed and considered each dispute raised in the three discovery motions filed by Mr. Bakambia, even in the absence of meeting and conferring between the parties. As explained below, each of the three motions to compel are granted in part and denied in part, and the motion for sanctions is denied.

## I. First Motion to Compel (ECF No. 146)

In his First Motion to Compel, Mr. Bakambia asserts that he served requests for production of documents on the DOC Defendants and the Centurion Defendants on February 2, 2021. Pl. First Mem. at 1, ECF No. 147. The DOC Defendants served responses on March 10th and 12th, and he also received responses from the Centurion Defendants. He argues that the Defendants' responses contain improper objections, evasive responses and were accompanied by incomplete productions. *Id.* at 1–2.[2] Mr. Bakambia's Declarations and other supporting documents raise several issues with the Defendants' discovery responses, and there are a large number of requests in dispute. Mr. Bakambia's motion is granted in part and denied in part as stated below.

### *Discovery from Defendant Bosch*

First, Mr. Bakambia raises several issues with the discovery responses from Defendant Guy Bosch, the MCF-Stillwater Warden. ECF No. 148. In Requests 1, 2, 3, 4, 5, and 6, Mr. Bakambia requested transcripts of: (1) non-legal calls with attorney Terrence Duggins on various dates; (2) calls made to his friend Chris Johnson; (3) calls made to his

---

[2] In his supporting memorandum, Mr. Bakambia alleges that some records were falsified, that some Defendants were misleading in response to kites that he submitted, and that he had a number of issues with his case worker. Pl.' First Mem. at 2–9. Mr. Bakambia does not, however, assert that any Defendant failed to produce documents that were responsive to a request for production or otherwise failed to respond to discovery, so the Court cannot grant his motion in relation to these arguments. In addition, although Mr. Bakambia has filed a copy of Defendant Tammy Lisowy's responses to his requests for production, ECF No. 149, his written submissions do not make clear what, if any, discovery he seeks to compel from Defendant Lisowy that was not provided.

friend Casey; (4) calls made to Cindy Lara of the Brain Injury Alliance; (5) non-legal calls to attorney Steve Cooper; and (6) calls made to his sister Stephanie London. Mr. Bakambia alternatively asserts that the DOC Defendants should be compelled to produce audio recordings of the calls. Defendant Bosch raised several objections to the discovery and stated that transcripts of these calls do not exist because such transcripts are not created as a matter of course. *See* ECF No. 148; ECF No. 156. The DOC Defendants also argue that the motion to compel audio recordings of the calls should be denied because Mr. Bakambia did not request them; Mr. Bakambia was a party to the calls and can describe what was discussed; and Mr. Bakambia can describe what his state of mind was during the calls. ECF No. 187.

The motion to compel is granted in part and denied in part with respect to this request. The Court finds that the DOC Defendants should not be compelled to produce transcripts of any calls that do not exist. However, the Court will grant Mr. Bakambia's motion to the extent he seeks audio recordings of certain phone calls. Mr. Bakambia's claims in this case, at least in part, relate to alleged interference with his attempts to communicate with various attorneys. The Court is not persuaded that the motion seeking production of audio recordings should be denied because Mr. Bakambia initially only requested transcripts. While such a ruling may be appropriate in a case where a litigant is represented by counsel, Mr. Bakambia is not an attorney and is litigating this case on his own behalf. It is reasonable to expect that his requests will lack some of the nicety and precision of written discovery ordinarily encountered by the Court and defense counsel. And ordinarily such matters can be resolved through discussion between counsel. Any recordings of calls Mr. Bakambia made to attorneys Terrence Duggins and Steve Cooper must be produced. The substance of these calls is relevant to the claims and proportionate to the needs of the case. Even if Mr. Bakambia could testify to the calls contents, this does not mean that a recording is not otherwise discoverable. The DOC Defendants shall produce audio recordings of any calls with these attorneys within 14 days of the date of this Order.[3]

---

[3] Nothing in the record suggests how audio recordings of the other requested calls are sufficiently related to Mr. Bakambia's access-to-courts claim that their production should be required. The motion to compel is denied to the extent it seeks such recordings.

Second, in Request 7, Mr. Bakambia sought a copy of the record of his meeting with Chaplain Paul Osumma on October 18, 2019, and November 1, 2019. ECF No. 148; ECF No. 156. In response, Defendant Bosch objected that the request was vague, ambiguous, and sought information that is not relevant to his claims. ECF No. 156. Mr. Bosch further stated that "no record or note of this meeting exists and Chaplain Osumma does not keep records or notes of his meetings with offenders." *Id.* Because the DOC Defendants have affirmatively stated that there is nothing to produce in response to this request, the motion to compel is denied in this respect.

Third, in Request 8, Mr. Bakambia sought a copy of an outgoing receipt for mail he sent to Minnesota Governor Tim Walz on October 10, 2019. ECF No. 148; ECF No. 156. In response, Defendant Bosch objected that it was not clear what Mr. Bakambia was requesting and asserted that the requested discovery is not relevant to his claims. ECF No. 156. He further asserted that "no such record or receipt exists." *Id.* Because the DOC Defendants have affirmatively stated that there is nothing to produce in response to this request, the motion to compel is denied in this respect.

Fourth, in Request 9, Mr. Bakambia sought production of all legal visit logs that occurred at MCF-Stillwater between October 10, 2019 and November 1, 2019, and a redacted log of regular visits that occurred between offenders and their loved ones during the same period. ECF No. 148; ECF No. 156. Defendant Bosch objected that the request was vague, overly broad and unduly burdensome, and irrelevant to Mr. Bakambia's claims. However, the DOC Defendants produced a "redacted Attorney Admittance Authorization dated October 28, 2019." ECF No. 156. This document noted a visit that was scheduled for Mr. Bakambia to meet with Mr. Duggins on October 31, 2019, and redacted the name of another incarcerated person scheduled to meet with Mr. Duggins that day. ECF No. 150 at 35. Mr. Bakambia seeks to compel production of other responsive logs that have been withheld and for the produced document to be provided without redaction. ECF No. 148.

The motion to compel further discovery in response to Request 9 is denied. The redaction of the other incarcerated individual is sensible because Mr. Bakambia does not need to know who that individual was to prove his access-to-courts claim. Similarly, other logs of incarcerated persons' meetings with loved ones and friends during the requested

4

period are not relevant to Mr. Bakambia's claim that his access to the courts was interfered with by DOC personnel.

Fifth, in Request 10, Mr. Bakambia sought production of a spread sheet for the funds left over in the budget at the end of 2019 and 2020. ECF No. 148. Defendant Bosch objected that this request was vague, overly broad and unduly burdensome, and not relevant to the claims in Mr. Bakambia's complaint. ECF No. 156. Mr. Bakambia argues that the requested information is relevant because when he was sent to the hospital on November 6, 2019 after losing consciousness, he received a bill from radiology requiring him to pay $124. He asserts that Defendant Schnell has refused to respond to his request to see an outside specialist because of the cost. ECF No. 148. The motion to compel is denied with respect to this request. The amount of money in the DOC's budget at the end of the year is not relevant to Mr. Bakambia's claim that the DOC Defendants were deliberately indifferent to his serious medical needs, and even if tangential relevance can be imagined its production is not in any way proportional to the needs of this case.

### Discovery from Defendant Wanchena

Mr. Bakambia raises several issues with the responses to his requests for production served on Defendant Victor Wanchena, the MCF-Stillwater Associate Warden. First, in Requests 1 and 2, Mr. Bakambia sought ten years of discipline records for Health Services staff and Behavioral Health Services staff. ECF No. 151; ECF No. 189-1 at 5. Defendant Wanchena objected to these requests on several grounds, including: (1) overbreadth and burden; (2) relevance; (3) that disclosure would endanger the security of DOC institutions; and (4) confidentiality protections under the Minnesota Government Data Practices Act. ECF No. 156-3. Mr. Bakambia now seeks to compel these records, arguing that they are relevant to his claims and that the discovery is proportionate to the needs of the case. ECF No. 151. The Court disagrees. Mr. Bakambia's requests are overbroad and would require production of a potentially vast amount of information that will have no bearing on his deliberate-indifference or access-to-courts claims. Even if one could argue that discipline for another similar incident of one of the named DOC Defendants could be used to demonstrate intent, Mr. Bakambia's requests are so overinclusive that the Court will not compel the Defendants to make disclosure.

Second, Mr. Bakambia sought production of certain surveillance footage and incident reports in several Rule 34 requests and now seeks to compel production of these records. In Requests 4 and 5, Mr. Bakambia asked Defendant Wanchena to produce surveillance video footage from November 6, 2019, when he lost consciousness and was taken to the emergency room as well as "ICS reports" from the same date. ECF No. 151; ECF No. 189-1 at 5. Mr. Bakambia requested incident reports from January 10, 2020 and February 22, 2020 in Requests 7 and 9. ECF No. 151 at 5–6. And in Request 8, Mr. Bakambia sought surveillance video of the February 22, 2020 incident. *Id.* In response to these requests, Defendant Wanchena: (1) stated that any videos of the November 6, 2019 or February 22, 2020 incidents no longer exist based on the DOC's document retention policy; and (2) directed Mr. Bakambia to several DOC reports regarding the November 6th, January 10th, and February 22nd incidents. ECF No. 156-3 at 4–6. The DOC Defendants produced seven incident reports dated November 6, 2019, each prepared by a different DOC employee responding to the emergency call regarding Mr. Bakambia's loss of consciousness. ECF No. 156-2 at 12–18. In addition, the DOC Defendants produced several reports regarding the January 10, 2020 and February 22, 2020 incidents. ECF No. 156-2 at 19–29.

Mr. Bakambia continues to press for disclosure of the videos. He asserts that the DOC Defendants have tampered with evidence of the November 6th and February 22nd surveillance videos. He also alleges that, in fact, the DOC Defendants still have the footage, but refuse to produce it. He argues that the Defendants' production of incident reports is insufficient because the records produced were manipulated; the documents fail to identify a supervisor or watch commander; and certain reports are missing. Mr. Bakambia asks the Court to compel Defendant Wanchena to produce additional information in response to Requests 4, 5, 7, 8, and 9. *See* ECF No. 151 at 3–6 (containing Plaintiff's arguments).

The Court finds that Mr. Bakambia has not shown that an order compelling discovery is appropriate. The Court agrees that if these videos exist, they would very likely be discoverable. However, the Court credits counsel's attestation that no such videos exist, after appropriate searching. Mr. Bakambia therefore has not demonstrated that Defendant Wanchena failed to produce any document or video evidence in his possession, custody, or control that was responsive to these requests. Although Mr. Bakambia speculates that the defense has tampered with evidence, the record does not support a finding that the defense improperly disposed of any document. Similarly, Mr. Bakambia received the incident reports

he requested, and his objections regarding the format of those reports do not demonstrate that discovery was improperly denied, nor that any evidence has been improperly tampered with. For these reasons, Mr. Bakambia's motion is denied with respect to these requests.

The motion is also denied with respect to Requests 10 and 11, in which Mr. Bakambia sought surveillance video of the "nurse check" and "continue nurse check" he received in his cell on February 22, 2020. And the motion is denied with respect to Request 12, where Mr. Bakambia asked Defendant Wanchena to produce surveillance video of a February 23, 2020 nurse check. ECF No. 151 at 7–8. Again, Defendant Wanchena responded that any video footage of these incidents no longer exists as a result of the DOC document retention policy. ECF No. 156-3 at 6. As with other requested videos, the Court cannot compel the defense to produce something that does not exist, and Mr. Bakambia has failed to demonstrate that the defense improperly disposed of or withheld the requested discovery.

Mr. Bakambia next seeks to compel production of documents in response to Request 13. In Request 13, Mr. Bakambia sought:

- A record of a February 12, 2020 meeting with his case worker Rebecca Erickson;
- Documents showing the assistance Ms. Erickson gave to another incarcerated person who Mr. Bakambia alleges assaulted him; and
- A "PRT report for the end of the year of 2019."

ECF No. 151 at 9. In response, Defendant Wanchena produced case manager notes from July 17, 2019 through May 15, 2020. ECF No. 156-3 at 7; ECF No. 156-2 at 30–32. These documents include a note regarding the February 12th meeting. The Court finds, with respect to this request, the production of these case manager notes is sufficient, and the motion to compel is denied in this respect.

With regard to the request for information regarding Mr. Bakambia's alleged assailant, Defendant Wanchena objects that the requested information is irrelevant, and he argues that producing the information would create security concerns. ECF No. 156-3 at 7; ECF No. 187 at 12. The Court agrees. The treatment of another inmate has no bearing on whether Mr. Bakambia's serious medical needs were deliberately disregarded or whether he

was denied access to the courts. The motion to compel is denied with respect to this information.

As for the year-end PRT report for 2019, Defendant Wanchena objected on grounds that the document is irrelevant and could be obtained by Mr. Bakambia through his case worker. ECF No. 156-3 at 7. These objections are overruled. Defendant Wanchena has not supported the argument that the PRT report is irrelevant and does not claim that the document would be burdensome to produce. Moreover, it is not a valid objection to a discovery request that the Plaintiff has other means of obtaining the information. Accordingly, the motion to compel is granted with respect to the request for production of the PRT report for the end of the year 2019.

Mr. Bakambia's motion raises several issues with Defendant Wanchena's response to Request 14 as well. First, Mr. Bakambia seeks to compel production of his entire case management file while under supervision of Case Worker Erickson. ECF No. 151 at 10–11. Defendant Wanchena objected to this request as overly broad and burdensome and as irrelevant to the complaint, but also referenced the case manager notes from July 2019 through May 2020 produced in response to Request 13. Defendant Wanchena argues that the relevant time frame for this case is from July 2019 through May 2020. ECF No. 187 at 12. The Court overrules Defendant Wanchena's objections to this request. He has failed to demonstrate that the relevant period for discovery in this case should be so narrowly drawn or that a request for Mr. Bakambia's case management file with Ms. Erickson would be overly burdensome to produce. Accordingly, the motion to compel is granted with respect to this specific request.

Second, Mr. Bakambia seeks to compel a copy of a May 27, 2020 dental X-ray, and all dental records including sick call slips. ECF No. 151 at 10–11. Defendant Wanchena objected to this request as irrelevant and stated that sick call slips are not retained by the DOC. ECF No. 156-3 at 8. The motion to compel is denied with respect to this request. Mr. Bakambia has not claimed that he received inadequate dental care, so his dental X-ray and other dental records are not clearly relevant to the claims and defenses in this litigation.

Third, Mr. Bakambia seeks to compel records showing Health Services referrals from July 2019 through February 2021; sick call slips for the same period; and a "Med AD Record from 11/1/20 to 2/1/21." ECF No. 151 at 10–11. Defendant Wanchena responded to the

8

request by referring Mr. Bakambia to medical records previously produced in the litigation; stating that sick call slips are not retained; and asserting that the request for a "Med AD Record" was too vague to know what Mr. Bakambia was requesting. ECF No. 156-3 at 8–9. The motion to compel is denied to the extent Mr. Bakambia seeks sick call slips that do not exist. However, Defendant Wanchena is required to amend the written response to this request to indicate which medical records previously produced are, in fact, responsive to this request. In addition, the Court is not persuaded by Defendant Wanchena's argument that an order compelling production of the "Med AD Record" would be inappropriate because Mr. Bakambia did not spell out in his request that he was seeking a "medication administration record." Nor does the Court agree that the relevant period for discovery in this case is limited to July 2019 through October 2020, as Defendant Wanchena contends. *See* ECF No. 187 at 13. Accordingly, the motion to compel is granted to the extent Mr. Bakambia seeks production of his medication administration record for the period of November 1, 2020 through February 1, 2021.

Fourth, Mr. Bakambia asks the Court to compel Defendant Wanchena to produce 5 EKG results from December 12, 2020 and any surveillance footage that recorded the administration of the EKG. ECF No. 151 at 11–12. Defendant Wanchena objected to this request, but also stated that "one EKG result was printed on December 12, 2020," that the record was produced, and that no surveillance footage exists due to DOC's retention policy. ECF No. 156-3 at 9. The motion to compel is denied in this regard based on the Defendant's representation that the only responsive records that exist have been produced.

Fifth, Mr. Bakambia seeks an order compelling production of "culture test results done on 1/16/2021 ER Health Partner." ECF No. 151 at 12. In response, Defendant Wanchena objected that the request was vague because it is not clear what was meant by "culture test," but also referred to a urinary analysis report from January 16, 2021, which was produced. ECF No. 156-3 at 9. Although Mr. Bakambia argues that another document in the record suggests there is a separate report of the "culture test," Defendant Wanchena suggests that the urinary analysis is the very result referenced and implies that there is nothing else to produce in response to this request. The motion to compel is denied in this respect based on the representation that nothing further remains to be produced.

### **Discovery from Paul Schnell**

Mr. Bakambia's motion to compel also asserts that Commissioner Schnell's responses to discovery were deficient. First, Mr. Bakambia argues that Commissioner Schnell failed to produce the documents he asked for in Request 2, which sought responses to Mr. Bakambia's written complaints from July 16, 2019 and February 10, 2020. ECF No. 150 at 3. Commissioner Schnell objected to the request as vague and ambiguous, but provided documents from Health Services dated August 7, 2019, March 18, 2020, and March 25, 2020. *Id.* The written response identified these documents by the Bates numbers "Bakambia/DOC 20-CV-1434 231–233," but the correct pagination was 231–234. *Id.*; ECF No. 156-2 at 36–39. The DOC Defendants acknowledge that the pagination referenced in the written response was an error. ECF No. 187 at 7–8. Mr. Bakambia asserts that Commissioner Schnell's response reveals the DOC Defendants are "playing games" and that the response does not accurately indicate which response originated from Health Services and Behavioral Health Services. ECF No. 147 at 9–10. The Court finds that Mr. Bakambia has failed to show the response to Request 2 was deficient and the motion is denied in this respect.

Next, Mr. Bakambia moves to compel with regard to Request 3 to Commissioner Schnell. ECF No. 147 at 10. In Request 3, Mr. Bakambia asked Commissioner Schnell to produce a receipt or "record of certified mail" for a complaint he sent to the U.S. Department of Health and Human Services in Washington, DC, on March 13, 2020. He also asked for a copy of a certified mail receipt for a submission to the Lawyers Professional Responsibility Board on April 16, 2020. ECF No. 150 at 3–4. Commissioner Schnell objected that these documents are not relevant to Mr. Bakambia's claims and asserted that the DOC does not have the receipts because it only keeps records of outgoing legal mail. *Id.* at 4. Mr. Bakambia refers to a declaration he filed in June 2020, in which he stated that his friend tracked the mail online and saw that the items had been delivered. ECF No. 147 at 10 (citing ECF No. 3 at 25, ¶ 239). The motion is denied with respect to Request 3 because the DOC's response shows that it does not have a copy of the requested certified mail receipts. As a result, there is nothing for the Court to compel Commissioner Schnell to produce.

Finally, Mr. Bakambia asserts that Commissioner Schnell "allowed Defendant Wanchena to produce manipulative ICS Reports with no name of the facility that showed where these incidents had occurred." ECF No. 147 at 10–11. It is not clear what, if anything, Mr. Bakambia is asking the Court to compel Commissioner Schnell to produce. In any event, Mr. Bakambia has not shown that any records were manipulated, so his motion to compel is denied in this regard.

## II.     Second Motion to Compel (ECF No. 160)

In his Second Motion to Compel, Mr. Bakambia seeks an order requiring the Centurion Defendants to produce documents in response to his February 2, 2021 Requests for Production. He received responses from the Centurion Defendants on March 12, 2021 and argues that they have improperly "blocked" him from obtaining discovery. ECF No. 160 at 1. In addition to his motion and supporting memorandum, Mr. Bakambia also filed documents more specifically laying out the discovery he seeks from each of the Centurion Defendants. ECF Nos. 167, 169, 171. As explained below, the Second Motion to Compel is granted in part and denied in part.

First, in Request 2 to both Defendants Brent Plackner, PA, and Dr. Darryl Quiram, Mr. Bakambia asked for production of the entire case files for the complaints that Mr. Bakambia filed against each provider with the Minnesota Board of Medical Practice, including responses filed by the Defendants to the Board. In response, Mr. Plackner and Dr. Quiram both stated that the requests are overly broad, seek irrelevant information, and seek information that is considered private under Minnesota law. They also indicated that no discipline resulted from Mr. Bakambia's complaint and that it was dismissed. ECF No. 168 at 2; ECF No. 170 at 2. The Court finds that an order compelling production of the entire case files relating to the complaints Mr. Bakambia made to the Medical Board is unwarranted. However, the Court finds that Mr. Plackner's and Dr. Quiram's responses to those complaints and any documents reflecting their statements to the Board about the care they provided Mr. Bakambia are relevant and proportional to the needs of the case. In this case, Mr. Bakambia asserts that Mr. Plackner and Dr. Quiram provided him inadequate medical care and were deliberately indifferent to his serious medical needs. The Defendants' answers to Mr. Bakambia's Medical Board complaint and other statements they made to the Board regarding Mr. Bakambia's care bear a close relationship to the deliberate-indifference

11

claims and the defenses. Accordingly, the Court finds that the Defendants' answers to Mr. Bakambia's complaint to the Board and the other statements they made to the Board about the treatment provided to Mr. Bakambia are discoverable under the Federal Rules of Civil Procedure. The motion to compel is granted to this extent with respect to Request 2 to Mr. Plackner and Dr. Quiram

In their opposition brief, Centurion Defendants resist providing any Medical Board-related discovery based Minnesota law covering the Board's files. Specifically, they rely upon provisions in the Minnesota Government Data Practice Act, a statute regarding confidentiality of records held by the Medical Board, and *Lingren v. Pinnacle Recovery Servs. PSC*, No. 09-cv-13-215, 2015 WL 6557362, at *2 (Minn. Dist. Ct. Mar. 4, 2015), a State District Court case applying these statutes to the Board's objection to production of certain documents in response to a subpoena. These authorities do not change the Court's finding that Mr. Bakambia is entitled to a subset of the information requested in Request 2 to Dr. Quiram and Mr. Plackner. The Board of Medical Practice statute provides that a person who has made a complaint to the Board is entitled to receive a description of the activities and actions of the board, a summary of the results of the investigation, and the reasons for the actions taken by the Board. Minn. Stat. § 147.01, subd. 4(d). The MGDPA generally requires Minnesota agencies to protect certain information from disclosure, treats Board files as private, and prohibits covered Minnesota recordkeepers from disclosing private information without a court order that conforms to a multi-factor balancing test. Minn. Stat. §§ 13.41, subd. 2 & 4; Minn. Stat. § 13.03, subd. 6. And *Lingren* involved the Board's objection to providing certain records because the MGDPA requires a court order prior to disclosure. 2015 WL 6447362, at *2 (explaining that a party seeking access of information that is not public under the MGDPA may make a motion to compel disclosure under Minn. Stat. § 13.03, subd. 6).

The Centurion Defendants are not the Medical Board, so Minn. Stat. § 147.01, subd. 4(d)'s limitation on the information the Board is required to disclose to a complainant is not applicable here. And more critically, § 147.01 does not place a limitation on the discovery this Court can order the Centurion Defendants to provide consistent with the federal discovery rules. Moreover, courts in this District have consistently explained that the balancing test under the MGDPA is not applicable in federal litigation. *See, e.g.*, *Scheffler v. Molin*, Civ. No. 11-3279 (JNE/JJK), 2012 WL 3292894, at *4 (D. Minn. Aug. 10, 2012)

12

(concluding that it was improper for the defendants to refuse to provide discoverable information in a federal case solely because it is protected under the MGDPA). To the extent the Centurion Defendants believe that they are governed by the MGDPA—a proposition for which they have offered no support—the Court has reached its decision that the information discussed above is discoverable based on the same factors Minnesota courts consider under Minn. Stat. § 13.03, subd. 6, and concluded that disclosure is required. Accordingly, the Centurion Defendants are compelled to produce documents showing their answers to the complaint Mr. Bakambia made to the Medical Board and documents containing any other statements they provided to the Board regarding Mr. Bakambia's treatment.[4]

In Request 1 to Dr. Quiram, Mr. Bakambia asked for production of all records of his education and places he practiced medicine before he began working with the inmates of MCF-Stillwater. ECF No. 169 at 1. In response, Dr. Quiram objected to the request as overboard, irrelevant, unduly burdensome, and disproportionate to the needs of the case. Further, Dr. Quiram stated that he attended the Mayo Clinic School of Medicine, worked as a general practitioner at Chisago Lakes Medical Center and Fairview Lakes, and later worked as a physician at MCF-Stillwater beginning in April 2014. ECF No. 170 at 1–2. Mr. Bakambia states that Dr. Quiram withheld information about having worked as a military doctor in the United States Army and as an interventional cardiologist. He argues that this information is relevant because his training as a cardiologist "explains a lot of things," including the decision to prescribe certain medications on October 15, 2019 that caused heart and brain complications. ECF No. 161 at 3. In their response to the motion, the Centurion Defendants do not dispute that Dr. Quiram has training as a cardiologist or worked as a military doctor, but argue that the summary of his education and employment history is sufficient. ECF no. 186 at 4–5. To the extent that Dr. Quiram's education and employment history includes work as a military doctor and as a cardiologist, the motion to compel is granted as follows. The summary of Dr. Quiram's education and employment history provided in response to Request 1 must be supplemented to either include such

---

[4] The Court is simultaneously entering a protective order in connection with this Order, which permits the Centurion Defendants to designate these materials as confidential and, if they do so, requires other parties to the case, including Mr. Bakambia, not to disclose them.

training and experience. If Dr. Quiram's professional background does not include such training and experience, no further supplementation of the response to Request 1 shall be required.

Third, Mr. Bakambia references an allegedly incomplete response by Dr. Quiram to Request 11, which sought discovery regarding how a hospital received information about Mr. Bakambia's dosage of medication and a diagnosis of a syncope, or temporary loss of consciousness caused by a drop in blood pressure. ECF No. 161 at 3–4. In response to this request, Dr. Quiram objected to the request as seeking information equally available to the parties and that is the property of the DOC. Dr. Quiram further noted that Mr. Bakambia has received copies of his medical records and that he has no other responsive information. ECF No. 170 at 6. The Court finds Dr. Quiram's response to this request to be adequate. As noted above, the Court cannot compel Dr. Quiram to produce records that he does not possess, and his assertion that he has no other responsive information beyond the medical records Mr. Bakambia already has received is sufficient. The motion to compel is denied with respect to Request 11.[5]

Fourth, in Request 4 to Dr. Quiram and Mr. Plackner, Mr. Bakambia asked the Defendants to produce a record of all "citations and disciplinary records" for the time spent working at MCF-Stillwater and other facilities, including those prior to working within the prison system. ECF No. 161 at 10. Both Mr. Plackner and Dr. Quiram objected to the request on several grounds and stated that they have never been subject to discipline by any medical board commission and that their licenses to practice medicine have never been revoked or restricted. ECF No. 168 at 3; ECF No. 170 at 3. Mr. Bakambia argues that these responses are incomplete because neither indicates whether the Defendants have ever been suspended. ECF No. 161 at 10–11. The Court finds that the responses are adequate. Because the Defendants have indicated that they have never been subject to discipline and their licenses have never been revoked or restricted, it is reasonable to conclude that those

---

[5] For this same reason, the Court finds Dr. Quiram's responses to Requests 3 and 7 to be sufficient. ECF No. 161 at 4, 5; ECF No. 170 at 2–3, 4. To the extent Mr. Bakambia seeks an order compelling additional information in response to these requests, this aspect of the second motion to compel is denied.

14

licenses have also never been suspended. Accordingly, the motion to compel is denied in this respect.[6]

Finally, Mr. Bakambia seeks an order compelling additional information in response to Request 10 to Mr. Plackner. ECF No. 161 at 10. In that request, Mr. Bakambia asked for production of Mr. Plackner's log for completed shifts on November 6, 2019, January 10, 2020, and February 22, 2020. ECF No. 168 at 6. Mr. Plackner objected to the request as overly broad and irrelevant. He also referred Mr. Bakambia to medical records listing medical personnel who provided him care on those dates. *Id.* The Court finds that this response is not sufficient. If Mr. Bakambia's medical records contain all the information in Mr. Plackner's possession, custody, or control that is responsive to this request, then the written response must be supplemented to clarify that is the case. If, however, Mr. Plackner has other information that is responsive to this request, such as a personal log or other records concerning shifts worked on those dates, that information must be produced to Mr. Bakambia. Accordingly, the second motion to compel is granted in part consistent with these instructions.

## III. Third Motion to Compel (ECF No. 176)

In Mr. Bakambia's Third Motion to Compel, he seeks an order requiring the Defendants to provide initial disclosures, clarification regarding the extent of discovery he is permitted to serve in this case, and an order requiring counsel for the DOC Defendants to explain his alleged "manipulation" of postage on his clients' initial disclosures. ECF No. 176. For the reasons that follow, the third motion to compel is granted in part and denied in part.

### *Initial Dislcosures*

Mr. Bakambia asserts that the DOC Defendants and the Centurion Defendants disobeyed the Scheduling Order, which set a deadline for initial disclosures as March 22, 2021. *See* ECF No. 136 at 1. The Centurion Defendants do not dispute Mr. Bakambia's assertion that they never provided initial disclosures. Instead, they responded to the third motion to compel by stating that they were not required to provide initial disclosures

---

[6] The Court reaches the same conclusion with respect to Dr. Shicker's response to Request 1. Mr. Bakambia sought similar information from Dr. Shicker and received a similar response. *See* ECF No. 171 at 1; ECF No. 172 at 1–2.

because the Scheduling Order set a deadline for all pre-discovery disclosures "required by Rule 26(a)(1)" and this action is exempted from initial disclosure requirements by Rule 26(a)(1)(B). They further argue that they should not be required to provide initial disclosures because those disclosures would merely provide Mr. Bakambia with information he already possesses. ECF No. 184.

The Court finds the Centurion Defendants' response to this motion improper in two respects. First, Mr. Bakambia filed a motion. As such, the Centurion Defendants should not have simply docketed a letter to Mr. Bakambia responding to the motion, but should have submitted a written argument in response to the motion that was directed to the Court's attention. Second, and more importantly, the Centurion Defendants' reading of the Scheduling Order suggests that the Court set a deadline for initial disclosures in this matter without any purpose. The Court is well aware that an action such as this is exempt from initial disclosure requirements by operation of Rule 26(a)(1)(B). However, nothing in the Rule prevents the Court from determining that the information ordinarily required to be disclosed under Rule 26(a)(1) should be disclosed in a case like this, and the Court set the deadline because it considers initial disclosures to be helpful in identifying early on what information, including documentary evidence and potential witnesses, the parties intend to rely upon in support of their positions. If defense counsel was confused by the Order, he should have sought clarification from the Court rather than refusing to make initial disclosures and forcing Mr. Bakambia to make a motion. Moreover, the fact that medical records produced by the DOC in this case are already in Mr. Bakambia's possession does not absolve the Centurion Defendants of the requirement established by the Court to provide initial disclosures. Accordingly, the third motion to compel is granted to the extent that the Centurion Defendants must provide initial disclosures to Mr. Bakambia within 14 days of the date of this Order. If the initial disclosures required by the Rule require production of documents that have already been produced in response to subsequent discovery, those documents should be identified, but need no be re-produced.

With respect to the DOC Defendants, they have made clear in their response that they served their initial disclosures on March 22, 2021. ECF No. 194; ECF No. 195. Because the disclosures were placed in the mail on March 22, 2021, they were served in a timely fashion. Mr. Bakambia has not shown that any postage was manipulated, and no further

explanation is required by the DOC Defendants' counsel. Accordingly, the motion to compel is denied in this respect.

### Clarification of Discovery Limits

Mr. Bakambia also seeks clarification of the limits on discovery set forth in the scheduling order. Specifically, he asks the Court to clarify whether the limitation of 25 interrogatories, document requests, and requests for admissions for each side should be read to allow him to serve that number of discovery requests on each opposing party. ECF No. 176 at 2. The Court's limitation on discovery requests is clearly limited to 25 interrogatories, document requests, and requests for admissions for **each side**. ECF No. 136. The Court further finds that Mr. Bakambia has not shown good cause to modify the scheduling order to expand the limitations on discovery established in this case.

## IV.     Motion for Sanctions

In his motion for sanctions, Mr. Bakambia asserts that counsel for the DOC Defendants has failed to properly serve him with any documents in this case. He argues that counsel has never provided him with a document that includes the pagination generated by the Court's electronic case filing system. ECF No. 198. Mr. Bakambia asks the Court to: (1) require counsel for the DOC Defendants to immediately download all of the documents he has filed in this case and send them to Mr. Bakambia; (2) set a hearing to determine what defense counsel should pay for failure to do so up to this point; and (3) impose any other sanctions the Court thinks are proper. ECF No. 198 at 2.[7]

The motion for sanctions is denied. Rule 5(b)(2)(C) provides that service may be accomplished by mailing a document to a person's last known address. Fed. R. Civ.

---

[7]    Mr. Bakambia filed a reply memorandum concerning his motion for sanctions. In it, he appears to argue that counsel for the DOC Defendants should be sanctioned because the District's Electronic Case Filing Procedures Guide requires a party to serve documents that are filed electronically on other parties, like Mr. Bakambia, who do not have ECF access, and therefore cannot be served by the electronic filing itself. ECF No. 227. However, the ECF Procedures Guide does not require a party to provide service of documents in the manner Mr. Bakambia requests. It merely instructs a party filing electronically to serve a document on a party without ECF access as required by Federal Rule of Civil Procedure 5. *See* Electronic Case Filing Procedures Guide (Civil), *Service of Process*, p. 8 (Oct. 20, 2020), https://www.mnd.uscourts.gov/sites/mnd/files/Civil-ECF-Procedures-Guide.pdf.

P. 5(b)(2)(C). There is no requirement that the document be printed out with an ECF-generated header and page numbers. Mr. Bakambia has failed to show that counsel for the DOC Defendants has violated any Court Order or Rule of Civil Procedure.

For these reasons, Mr. Bakambia is not entitled to any relief on his motion for sanctions.

## ORDER

Consistent with the discussion throughout this Order, **IT IS HEREBY ORDERED THAT**:

1. The First Motion to Compel (ECF No. 146) is granted in part and denied in part;
2. The Second Motion to Compel (ECF No. 160) is granted in part and denied in part;
3. The Third Motion to Compel (ECF No. 176) is granted in part and denied in part; and
4. The motion for sanctions (ECF No. 198) is denied.

Date: May 25, 2021

                                                *s/ Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge