UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marc Amouri Bakambia,

    Plaintiff,

v.

Paul P. Schnell, et al.,

    Defendants.

Case No. 20-cv-1434 (NEB/DTS)

**ORDER &
REPORT AND RECOMMENDATION**

## INTRODUCTION

Plaintiff has filed a "Third Motion for Emergency Injunction Enforcing the Second Emergency Injunction." Included in this motion requesting a preliminary injunction is a motion to unseal all Documents filed by MN Department of Corrections Defendants in connection with their Summary Judgment Motion at Docket No. 342 and a motion for an Extension of Time to file his opposition to the Summary Judgment Motion.

## FINDINGS OF FACT

Plaintiff Marc Amouri Bakambia commenced this action, claiming deliberate Indifference to his medical needs by the facility he resides in, various Minnesota Department of Corrections officials (collectively, DOC), and various health-care providers who are employed by the health-care company, Centurion (collectively, Centurion). The underlying facts in plaintiff's Amended Complaint are laid out in detail in the Court's previous Report and Recommendations and Orders. Generally, plaintiff alleges that Centurion and the DOC have been deliberately indifferent to his serious medical needs given the numerous physical and mental ailments he has suffered since he was attacked in May 2019 by other inmates at MCF-Rush City.

This is plaintiff's Third Motion for Emergency Injunction.[1] He seeks some of the same relief as his previous injunction motions and adds some additional requests. Plaintiff seeks a preliminary injunction for (a) immediate medical consultations with a neurologist and an ENT, (b) a copy of his MRI results and various medical records, (c) an order for Defendant to stop "interfering" with his medication(s), (d) an order for Defendant to "cease and desist" from interfering with attorney communications, (e) an order requiring the facility to hire a law library clerk for his unit, and (f) an order allowing him "access" to rulings by the Eighth Circuit Court of Appeals.

## CONCLUSIONS OF LAW

### I.    Extension of Time to File Opposition

On the same date plaintiff filed the above motion, he also filed a letter requesting an extension of time to file his opposition to the December 13, 2021 Summary Judgment Motion (Dkt. No. 342). The Court granted the letter request; therefore, that motion is now moot.

### II.   Unsealing of Documents

In earlier orders (Dkt. Nos. 111, 335), the Court granted Plaintiff's requests to unseal defendants' memos, supporting declarations by Kathy Reid, and medical records. Plaintiff has stated throughout this litigation that he does not consider any of his medical records to be confidential and, in fact, he has included medical information and records both in his Complaint and his subsequent filings.

---

[1] Plaintiff's first Motion for Emergency Injunction (Dkt. No 46) was denied at Dkt. No. 236. Plaintiff's Second Motion for Emergency Injunction and an Order to Show Cause (Dkt. No. 313) was denied at Dkt. No. 359.

2

Defendants have now filed under seal their motion for summary judgment and the supporting declaration of Kathy Reid with seven attachments. Plaintiff requests that these documents be unsealed. As the Court found in its Order of November 29, 2021, "Mr. Bakambia does not assert any confidentiality interest regarding his own medical information . . . ." For this same reason, the Court will grant plaintiff's request to unseal Documents 343, 347 (including attachments).

### III.   Third Request for Preliminary Injunction

In deciding whether to issue a preliminary injunction, the Court must consider four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest. The moving party bears the burden of showing that an injunction should issue. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

#### A.   Immediate medical consultations

Plaintiff requests a preliminary injunction for immediate consultations with a neurologist and with an ear, nose and throat specialist (ENT). In DOC's response to plaintiff's *second* preliminary injunction, Defendants state that plaintiff "was referred to neurology for an evaluation that should take place in the next few months." (Dkt. No. 321, p. 3) and "[A] neurology referral was ordered during his appointment on October 1, 2021, . . . . Because he has already been referred to neurology, Plaintiff's motion may be denied as moot." (*Id.*, p. 7 fn. 2).

In Centurion's responsive memo, they state that an appointment for January 7, 2022, was made for plaintiff to see a neurologist, but the clinic rescheduled the

appointment to February 14, 2022. While the Court understands plaintiff's frustration at the slow progress of these approvals and appointments, the Court is unable to dictate the schedules of doctors.

Centurion denies any request was made by a provider for an appointment with an ENT. In progress notes by KM of 11/25/21, however, it clearly states "also informed patient that MRI & Neurology appts were approved & waiting to be scheduled & general surgery consult & ENT requests have not been approved yet." Ex. C, p.9, Dkt. 362-3. A reasonable person is led to believe that a request for a general surgery consult and a visit to an ENT *have* been submitted and are going through the process to see if they will be approved. Nonetheless, as stated in the Order Accepting Report and Recommendation (Dkt. No. 236), to obtain a preliminary injunction, plaintiff must show a threat of irreparable harm. *Gen. Motors corp. v. Harry Brown's, LLC*, 564 F.3d 312, 318 (8th Cir. 2009) (citations omitted). Plaintiff has not met his burden of showing that that he faces an imminent threat to his health such that there is a clear and present need for equitable relief regarding the scheduling of his medical appointments.

### B.    MRI results

Plaintiff expresses unhappiness that his MRI follow-up visit was with a different provider than the provider with whom he was told it would occur. Plaintiff states that the provider with whom he met refused to show him the MRI results and explanations because the provider stated that plaintiff would not understand the medical terms. Plaintiff requests that defendants be ordered to provide him a copy of his MRI report from December 14, 2021.

A party seeking a preliminary injunction must establish a relationship between the injury alleged in the motion and the conduct asserted in the complaint. *Devose v. Herrington*, 42 F.3d 470, 471. Plaintiff states he has a right to a physical copy of his MRI results, but he does not show how lacking a physical copy of his MRI results relate to the deliberate indifference claim stated in his Amended Complaint. This request is outside the scope of plaintiff's Amended Complaint, which states a claim for deliberate indifference to a medical need. In addition, plaintiff has not met his burden of showing that that he faces irreparable harm from not viewing the MRI report such that there is a clear and present need for such equitable relief. Therefore, the Court recommends the request be denied.

### C.   Interference with medication

Plaintiff alleges interference with his prescribed medication by Defendant Lori Lewis and asks this Court to ensure defendant complies with "full disclosure" when administering plaintiff's medicine, including prepping the medications in front of him.

Defendants have regularly and consistently provided plaintiff with treatment for his headaches and stomach complaints. In addition, plaintiff himself states in his Amended Complaint that he "stopped going to pill window for his treatment medications." Plaintiff's choice to refuse his medications does not show interference by defendants.

Plaintiff has not provided any evidence that the distribution of his medication need be different than any other patient in this facility. To order defendants to perform the "full process" of prepping plaintiff's mediations in his presence puts an undue hardship on defendants and the orderly process of administering medications to inmates. Plaintiff has

not shown that he faces an imminent threat to his health caused by defendants that creates a clear and present need for equitable relief.

### D. Attorney communications

Plaintiff states he need a permanent injunction for DOC, its employees, and plaintiff's case workers to cease and desist from interfering with plaintiff's right to private communications with an attorney. Plaintiff alleges that his caseworker listened into plaintiff's side of the conversation with a paralegal while plaintiff was on a call in his caseworker's office. DOC states in their response that prison policy dictates that attorneys communicate with clients through legal mail, they do not address in-person visits with attorneys. If a call is needed due to an upcoming deadline, that is arranged.

Plaintiff does state in his Amended Complaint that he was able to mail documents to an attorney, speak with this attorney over the phone, and had a legal visit with the attorney. Nonetheless, plaintiff does not have attorney representation in this case and he has not shown how any alleged past interference caused irreparable harm such that he is entitled to equitable relief.

### E. Law library clerk

Plaintiff alleges that his unit is the only unit in his facility that does not have a Law Library Clerk to assist inmates with the printing of case law or statutes. He requests that a preliminary injunction be issued to force DOC to hire an inmate to work as a library clerk to perform the same services that other units enjoy. Plaintiff's allegations in his Amended Complaint make no mention of a law librarian. Because plaintiff is unable to establish a relationship between this request and the conduct asserted in his Amended Complaint, the Court recommends no preliminary injunction issue.

### F. Access to court cases

Lastly, plaintiff requests that he be allowed to print cases from the Eighth Circuit and other Courts of Appeal. He alleges that DOC has told him that inmates may not print documents due to "security concerns." Plaintiff does not expand on or support his allegations and DOC does not address this allegation in their response.

However, plaintiff's allegations in his Amended Complaint relating to access to courts concern interference with attorney communications, not the ability to print case law. Because plaintiff is unable to establish a relationship between this request and the conduct asserted in his Amended Complaint, the Court recommends no preliminary injunction issue.

### ORDER

For the reasons set forth above, IT IS HEREBY ORDRED:

1. Plaintiff's motion to for an extension of time to file his opposition to the December 13, 2021 Summary Judgment Motion is **DENIED AS MOOT**.

2. Plaintiff's motion to unseal Documents 343 and 347 is **GRANTED.** The Clerk of Courts is directed to unseal Documents 343 and 347 (including attachments).

### RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

Plaintiff's Third Motion for Emergency Injunction (Dkt. No. 360) be **DENIED.**

Dated: February 8, 2022                              s/David T. Schultz
                                                     DAVID T. SCHULTZ
                                                     United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).