UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARC AMOURI BAKAMBIA, | Case No. 20-CV-1434 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| PAUL P. SCHNELL, et al., | |
| Defendants. | |

Plaintiff Marc Bakambia sued several defendants over alleged mistreatment while in the custody of the Minnesota Department of Corrections ("DOC"). Defendants Louis Shicker, M.D., Darryl Robert Quiram, M.D., and Brent Plackner, P.A. (together, "Centurion Defendants") moved for summary judgment. (ECF No. 240.) In a Report and Recommendation, United States Magistrate Judge David T. Schultz recommends granting the motion and dismissing the Centurion Defendants from the case. (ECF No. 369 ("R&R").) Bakambia objects to the R&R. (ECF No. 387 ("Obj.").) Because Bakambia has objected, the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3).

The Centurion Defendants move for summary judgment on Bakambia's Eighth Amendment claim, arguing that Bakambia lacks evidence that they deliberately disregarded his serious medical needs. They also seek dismissal of any medical

malpractice claims against them. (ECF No. 241 at 13 n.4.) After carefully considering the evidence, Judge Schultz found no genuine issue of material fact and determined that the Centurion Defendants are entitled to judgment as a matter of law. This Court has undertaken a *de novo* review and concludes that Judge Schultz's analysis and conclusions are correct.

Bakambia's objections to the R&R fall into three general categories.

*First*, Bakambia contends that Judge Schultz failed to believe his evidence and draw justifiable inferences in his favor under Rule 56 of the Federal Rules of Civil Procedure. (*E.g.*, Obj. at 6, 17–20.) Under Rule 56, Bakambia must show that a genuine dispute as to a material fact exists. Fed. R. Civ. P. 56(a). To avoid summary judgment, "a plaintiff may not simply cite 'unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor, without resort to speculation, conjecture, or fantasy.'" *Kingsley v. Lawrence Cnty.*, 964 F.3d 690, 698 (8th Cir. 2020) (citing *Reed v. City of St. Charles*, 561 F.3d 788, 790–91 (8th Cir. 2009)). If a genuine factual dispute exists, the Court considers those facts in the light most favorable to the plaintiff. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But if "opposing parties tell two different stories, one of which is blatantly contradicted by the record, . . . a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Id.*

2

The Court finds that the R&R applied the appropriate legal standard. (*E.g.*, R&R at 17–18 (addressing legal standard), 20–22 (considering evidence "in the light most favorable to Bakambia"), 28–29 (same), 31 (similar).) Bakambia failed to proffer evidence supporting several of his assertions. And when Bakambia proffered evidence to oppose summary judgment, he failed to raise a genuine issue of material fact, even when considering that evidence in the light most favorable to him.

*Second*, Bakambia argues that the R&R disregarded factual disputes that preclude summary judgment. (*E.g.*, Obj. at 9.) For example, he objects to the R&R's failure to infer deliberate indifference from the Centurion Defendants' treatment of his pain in his upper quadrants, stomach, and eye, and the R&R's failure to address other treatment decisions. (*E.g.*, Obj. at 23–26, 32–33, 36.) "Deliberate indifference is a rigorous standard, akin to criminal recklessness, something more than mere negligence." *Leftwich Tr. of Statutory Class of Next of Kin to Leftwich v. Cnty. of Dakota*, 9 F.4th 966, 972 (8th Cir. 2021) (internal quotations and citations omitted). The record reflects that the Centurion Defendants did not ignore Bakambia's medical complaints, but rather, evaluated his complaints, as well as his medical history and test results, and exercised their own medical judgment in determining the best course of his treatment. (*See* R&R at 2–16 (summarizing evidence).) Given the evidence before the Court, Bakambia's "disagreement with treatment decisions . . . do[es] not approach [the] criminal recklessness" required to succeed on his deliberate indifference claim. *East v. Minnehaha Cnty.*, 986 F.3d 816, 821 (8th Cir. 2021) (quotation

marks and citations omitted); *see Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) ("For a claim of deliberate indifference, 'the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'") (citation omitted).

Bakambia also argues that the Court should allow his claims to proceed so that he may call emergency room doctor Jennifer Boklewski as a trial witness to testify about a phone call she had with the DOC and her assessment of Bakambia. (Obj. at 13–17.) The R&R considered the medical records relating to Bakambia's ER visit, including Dr. Boklewski's assessment. (R&R at 6 (citing ECF No. 77 at 48–49), 22–23 & n.12.) Having reviewed the evidence in the light most favorable to Bakambia, the Court agrees that the evidence does not raise a genuine issue of material fact supporting his claim. (*See id.* at 22.)

Bakambia also asserts factual disputes that are simply unrelated to the deliberate indifference claim. (*E.g.*, Obj. at 17–18 (raising issues with Centurion Defendants' discovery responses), 20–21 (similar), 21–22 (asserting that he was deprived of legal documents about his grievance with FMC-Rush City and that his phone PIN was changed), 26 (claiming Dr. Quiram hid his military experience).) Factual disputes must affect the outcome of the action to avoid summary judgment; "irrelevant or unnecessary" disputes will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986);

*Scott*, 550 U.S. at 380. Because these issues do not impact the analysis of Bakambia's deliberate indifference claim, they do not preclude summary judgment.

*Third*, Bakambia raises new claims. For example, Bakambia asserts for the first time that he was not told the risks of discontinuing Topamax when he signed a medication refusal form in October 2019.[1] (Obj. at 9–12.) Bakambia also claims that the Centurion Defendants made certain statements in his medical records to prevent him from filing a grievance against the DOC staff. (Obj. at 21–22.) Although "*pro se* plaintiffs are held to less stringent standards, the Court cannot consider arguments that were not presented to the Magistrate Judge" when considering a motion for summary judgment. *Thomas v. Bzoskie*, No. 15-2197 (JRT/KMM), 2017 WL 3475482, at *2 (D. Minn. Aug. 14, 2017) (declining to consider arguments first raised in objections to magistrate judge's recommendation to grant summary judgment); *see Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (collecting cases). Because Bakambia did not raise these issues before Judge Schultz, the Court declines to consider them.

## CONCLUSION

Based on all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

---

[1] As noted in the R&R, Bakambia's opposition to summary judgment did "not appear to be claiming that he made the decision to discontinue Topamax on October 21, 2019 without being advised of the potential negative effects of doing so without tapering off of the medication." (R&R at 24 n.13; *see* ECF No. 77 at 5 (medication refusal form).)

5

1. Bakambia's Objection (ECF No. 387) is OVERRULED;

2. The Report and Recommendation (ECF No. 369) is ACCEPTED; and

3. The Motion for Summary Judgment by Defendants Louis Shicker, M.D., Darryl Robert Quiram, M.D., and Brent Plackner, P.A. (ECF No. 240) is GRANTED. Because Dr. Shicker, Dr. Quiram, and Mr. Plackner are entitled to judgment as a matter of law, the claims against them are DISMISSED WITH PREJUDICE.

Dated: March 22, 2022

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge