UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARC AMOURI BAKAMBIA, | Case No. 20-CV-1434 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| PAUL P. SCHNELL, et al., | |
| Defendants. | |

*Pro se* plaintiff Marc Bakambia sued several defendants over alleged mistreatment while in the custody of the Minnesota Department of Corrections, and has filed his third motion for an emergency injunction. (ECF No. 360.) In a Report and Recommendation, United States Magistrate Judge David T. Schultz recommends denying the motion. (ECF No. 384 ("R&R").) Bakambia objects to the R&R. (ECF No. 391 ("Obj.").) Because Bakambia has objected, the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). This Court has undertaken a *de novo* review and concludes that Judge Schultz's analysis and conclusions are correct.

A preliminary injunction preserves the status quo and prevents irreparable harm until a court has had an opportunity to rule on the merits of the action. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 & n.5 (8th Cir. 1981) (en banc). For this reason, "a party moving for a preliminary injunction must necessarily establish a relationship

between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). As the R&R correctly found, Bakambia's motion fails to show any relationship between his amended complaint and the requested injunctive relief of (1) requiring the DOC to hire a law library clerk for his unit or (2) access to printed federal appellate court cases.

As for Bakambia's other requests for injunctive relief, he must "show a clear threat of irreparable harm." *Shah v. Samuels*, 612 F. App'x 859, 860 (8th Cir. 2015); *see Dataphase*, 640 F.2d at 114 (setting forth relevant factors considered in determining whether to issue a preliminary injunction). To show irreparable harm, Bakambia must establish that "the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (citation omitted). Bakambia has not shown any imminent threat to his health as a result of (1) an individual defendant's alleged interference with his medication, or (2) Defendants' failure to provide "[f]ull process . . . in [Bakambia's] presence" when administering his medication. (EFC No. 361 at 7.) Nor has he shown any irreparable harm caused by any alleged past interference with his communications with counsel.

Bakambia's remaining requests are moot. His request that the Court order appointments with a neurologist and an otolaryngologist is moot because Bakambia attests that he saw these medical specialists in February 2022. (ECF No. 396 at 1.) And as

2

Bakambia's objection acknowledges, his request for access to his MRI results is moot because he has received them. (Obj. at 14.)

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. Bakambia's Objection (ECF No. 391) is OVERRULED;

2. The Report and Recommendation (ECF No. 384) is ACCEPTED; and

3. Bakambia's Third Motion for Emergency Injunction Enforcing the Second Emergency Injunction (ECF No. 360) is DENIED.

Dated: April 11, 2022               BY THE COURT:

                                    s/Nancy E. Brasel
                                    Nancy E. Brasel
                                    United States District Judge